NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RALPH W. LABENDZ and MARILYN LABENDZ, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNAL REVENUE SERVICE OF THE DEPARTMENT OF THE TREASURY OF THE UNITED STATES OF AMERICA AND THE COMMISSIONER OF THE INTERNAL REVENUE SERVICE, <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 06-cv-3781 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

    This matter comes before the Court upon motion by Defendants Internal Revenue Service of the Department of the Treasury of the United States of America and the Commissioner of the Internal Revenue Service (hereinafter "IRS") to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's motion to dismiss for lack of jurisdiction is **granted.**

**I.**       <u>B<small>ACKGROUND</small></u>

    Pursuant to 26 U.S.C. §6511, a taxpayer is required to file an administrative claim within three years of the due date of their income tax return in order to seek a refund of income tax

previously paid. In this case, taxpayers Ralph and Marilyn Labendz (hereinafter "Plaintiffs") seek a refund relating to their 1997 income tax return, which was due on October 15, 1998. To be timely, Plaintiffs were required to file their administrative claim by October 15, 2001. Plaintiffs allege that they filed their 1997, 1998, and 1999 federal income tax returns "in or about July 2000 within the three year Statute of Limitations" by "depositing the return with sufficient postage attached with the United States Postal Service to be delivered regular mail to the IRS." Pls. Br. at 1. Defendant contends that the 1997 tax return was not filed in July 2000, because the return was not received until May 12, 2004. See Decl. of Marc Freda, Exhibit A. Plaintiffs have not submitted (1) proof of postmark stamped on the cover in which the return was timely mailed; or (2) proof that the return was timely sent by registered or certified mail on their alleged July 2000 mailing, or before October 15, 2001 as is required by the three year statute of limitations. See 26 U.S.C. § 6511.

## II.   DISCUSSION

The timely filing of a claim for refund with the IRS is a jurisdictional prerequisite for bringing a suit for refund; thus, the taxpayer has the burden of establishing the existence of federal court jurisdiction. Miller v. United States, 784 F2d. 728, 729 (6th Cir. 1986). Prior to the enactment of 26 U.S.C. § 7502 in 1954, the settled rule was that a document was not filed until it was "delivered and received by the proper official." United States v. Lombardo, 241 U.S. 73, 76 (1916). Congress enacted 26 U.S.C. §7502 to alleviate some of the harsh effects of the "physical delivery rule." See Bazargani v. United States, Civ. A. No. 91- 4709, 1992 WL 189399, *2 (E.D. Pa. Jul. 29, 1992), aff'd, 993 F.2d 223 (3d Cir. 1993) (citing Miller, 784 F.2d. at 730). Specifically, Section 7502 relieves taxpayers from the actual receipt rule if the taxpayer can show a timely postmark or delivery by certified or registered mail. With registered or certified mail, the date of registration or

certification is deemed to be the postmark date. Id.  In this case, Plaintiffs cannot show either a postmark or delivery by registered or certified mail dated on or before October 15.  Thus, as a matter of law, Plaintiffs' claim is deemed to be untimely filed.  See Boccuto v. Comm'r of Internal Revenue, 277 F.2d 549, 553 (3d Cir. 1960).

Plaintiffs argue the common law mailbox rule governs the disposition of this case because the common law mailbox rule was not displaced by Section 7502.  The common law mailbox rule provides that a letter that is shown to be properly mailed is presumed to be received by the addressee and is thereby deemed timely.  United States v. Lansdowne Swim Club, 713 F. Supp. 785, 819 (E.D. Pa. 1989).  This Court recognizes that there is disagreement on this issue among other circuit courts of appeals and that the Third Circuit has not directly stated that the common law mailbox rule was displaced by Section 7502.  However, courts within the Third Circuit have interpreted Section 7502 in a manner suggesting that Section 7502 displaced the mailbox rule.  For example, in Bazargani, the court rejected the plaintiff's argument that the common law mailbox rule applied, finding that her original filing was untimely.  1992 WL 189399, at *3.  In interpreting Boccuto, the Bazargani court found that the common law mailbox rule was displaced by Section 7502 and that, absent proof of having mailed the tax return by registered or certified mail, the court could only conclude that the return had been submitted on the date of the postmark reflected on the copy received by the IRS. Id.  See also Poindexter v. I.R.S., No. Civ. 96-4404, 1997 WL 424462 (E.D. Pa. Apr. 29, 1997) (concluding that the only exceptions to the general physical delivery rule are those stated in Section 7502, and that absent proof of a postmark, registration or certification, the date that the IRS received a claim is the date that the claim is deemed to have been filed); Philadelphia Marine Trade Ass'n/Int'l Longshoremen's Ass'n Vacation Fund v. United States, Civ. A. No. 04-4857, 2006 WL

1997465 (E.D. Pa. July 17, 2006) (concluding that notwithstanding the common law mailbox rule, absent proof of sending by registered or certified mail, the physical delivery rule applies).

Viewing the present facts in light of these cases, it is the finding of this Court that the administrative claim for refund is barred by the statute of limitations and the IRS is entitled to dismissal because the Plaintiffs have failed to provide (1) proof of a postmark stamped on the cover in which the return was timely mailed; or (2) proof that the return was timely sent by registered or certified mail. Based on the foregoing, this Court lacks jurisdiction to hear Plaintiffs' claim because the jurisdictional prerequisite of a timely filing has not been satisfied.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that the Defendant's motion to dismiss is **granted**. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
 Dennis M. Cavanaugh, U.S.D.J.

Date: February  9 , 2007
Orig.: Clerk
cc: Counsel of Record
 The Honorable Mark Falk, U.S.M.J.
 File